UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 1998 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CUYAHOGA COUNTY | ) | |
| PROSECUTOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On July 3, 2007, *pro se* plaintiff Donnell Mitchell filed the above-captioned *in forma pauperis* action against the Cuyahoga County Prosecutor's Office, William D. Mason, Esq., Anna Faraglia, Esq., and Diane Smilanick, Esq. He asserts the defendants violated his rights under "the Ohio Revised Code section 5122 and federal right[s] under section 42:12121 and 42:12131."[1] Mr. Mitchell seeks an injunction enjoining defendants from "continuing its [sic] discrimination." (Pet. at 8.)

---

[1] Inasmuch as no section 12121 exists within Title 42 of the United States Code, the court believes Mr. Mitchell has transposed the number for the relevant section of the statute. The relevant section should be corrected to read: *"12112"* instead of *"12121."*

*Background*

On or about November 10, 2000 several personal items were allegedly stolen from a van owned by Mr. Mitchell. The day after the alleged theft, he filed a police report with the Cleveland Police Department. For reasons not outlined in the complaint, Mr. Mitchell was "confronted" on November 13, 2000 by Theresa Franklin who

> had clear knowledge of Donnell Mitchell's vehicle being broken into. Theresa Franklin's police report taken on November 13th 2000 by Robin D. Allen badge #0394 clearly supports the real facts of the case not the invented facts of the Cuyahoga County Prosecutors [sic] office and Cleveland Police Detectives created a crime against Donnell Mitchell and used manipulation, intimidation and coercion.

(Compl. at 2.) This interchange apparently initiated charges being filed against Mr. Mitchell by the defendants.

It is Mr. Mitchell's contention that if the County prosecutors had read the transcripts prepared by Cuyahoga County court reporters Nancy A. Nunes and Kellie Roper he never would have been charged "with these fraudulent crimes." (Compl. at 3.) In a seemingly incongruous statement, plaintiff then explains that he took the stand on September 18, 2000 and "explained to Judge McMonagle in clear terms that he was indeed the cause of the disturbance in the Justice Center. Donnell Mitchell took responsibility for his actions and he was sanctioned 30 days by the Cuyahoga County Judge - 9/18/2000." (Compl. at 3.) He claims that the defendants later coerced him, "a mentally disabled person," to enter a guilty plea after using Theresa Franklin as a "pawn."

In addition to his claims regarding his plea, Mr. Mitchell maintains that his bond, set at $150,000.00, was excessive because he was charged as a non-violent offender. It is his contention that the decision to impose a $150,000.00 bond violated his Eighth Amendment rights under the

United States Constitution. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

*Americans with Disability Act (ADA)*
*42 U.S.C. §§ 12112 & 12131*

It is unclear why Mr. Mitchell believes he is entitled to relief under the ADA. Pursuant to §12112 of the Act, an employer is prohibited from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To recover on a claim of discrimination under the Act, a plaintiff must show that: 1) he is an individual with a disability; 2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap. *Maddox v.*

---

[2]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*University of Tennessee*, 62 F.3d 843, 846 (6th Cir.1995)(relying on *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988) (Rehabilitation Act claim), *cert. denied,* 493 U.S. 810 (1989). There is no allegation in the complaint that Mr. Mitchell is in an employee/employer relationship with any of the defendants. Clearly, plaintiff has not stated any claim for relief under §12112 of the ADA.

Even under Title II of the ADA, the complaint fails to state a claim. See 42 U.S.C. §12131. The statute provides that: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Moreover, the ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

The Supreme Court has identified four access-to-the-courts rights that Title II purportedly enforces:
> (1) the right of the criminal defendant to be present at all critical stages of the trial, *Faretta v. California,* 422 U.S. 806, 819(1975); (2) the right of litigants to have a "meaningful opportunity to be heard" in judicial proceedings, *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971); (3) the right of the criminal defendant to trial by a jury composed of a fair cross section of the community, *Taylor v. Louisiana,* 419 U.S. 522, 530(1975); and (4) the public right of access to criminal proceedings, *Press-Enterprise Co. v. Superior Court of Cal., County of Riverside,* 478

U.S. 1, 8-15, (1986).

*Tennessee v. Lane*, 541 U.S. 509, 540-41(2004). It is this duty to accommodate that underscores the well-established due process principle that, within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard in its courts. *Boddie,* 401 U.S. at 379. There is no allegation, however, that the defendants denied any accommodation to which Mr. Mitchell was entitled. His complaint that the defendants took advantage of his mental disability by "coercing" him to plead guilty is a challenge to his plea, not a justiciable claim under the ADA.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson,* 467 U.S. 504, 508-09 (1984). In order to attack the viability of a guilty plea a claimant must request habeas relief after properly exhausting his claim. A guilty plea "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes)." *Id.* at 509 (quoting *Brady v. United States,* 397 U.S. 742, 755 (1970)). Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir.1996).

*State Law Claims*

To the extent Mr. Mitchell seeks to bring an action for state law claims, this court lacks subject matter jurisdiction. Federal subject matter jurisdiction exists only when a federal

question is presented to the court, *see* 28 U.S.C. § 1331, or the plaintiff and all of the defendants are citizens of different states and the amount in controversy exceeds $ 75,000, *see* 28 U.S.C. § 1332. Where subject matter jurisdiction is lacking, the district court must dismiss the complaint without regard to the merits of the lawsuit. *See Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244 (6th Cir.1996)(after dismissal for failure to state a claim, there is a strong presumption in favor of dismissing supplemental claims). Because the ADA claim is being dismissed for failure to state a claim, there is no pending federal question. Therefore, the court lacks jurisdiction over any state law claims.

Accordingly, plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/20/07

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-